# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, | * * * * |
| Plaintiff, | * * |
| v. | * Case No.: RWT 10cv3258 |
| JAMES COPELAND ELECTRICAL CONSTRUCTION, LLC, | * * * * |
| Defendant. | * |

## MEMORANDUM OPINION

On January 13, 2011, default was entered against Defendant James Copeland Electrical Construction, LLC ("Copeland") due to its failure to plead or otherwise defend this ERISA action within the time provided by the Federal Rules of Civil Procedure. ECF No. 7. Plaintiff National Electrical Benefit Fund ("NEBF"), a multiemployer pension fund, moved for entry of default judgment against Copeland in the amount of $23,405.65 the same day. ECF No. 6.

On February 22, 2011, Copeland moved to vacate the Clerk's entry of default. ECF No. 9. In support of its motion to vacate, Copeland submitted a declaration from its owner, James Copeland, in which he explained that when he was served with the summons and Complaint in this case, he incorrectly assumed that it was a copy of a complaint that had been served on his attorney relating to litigation in the United States District Court for the Eastern District of Pennsylvania. Decl. of James Copeland, ECF No. 9-2 at ¶ 3. The action in the Eastern District of Pennsylvania, like this action, involves claims against Copeland relating to Copeland's obligations to make contributions to multiemployer pension funds. *Id.* at ¶ 4. Copeland realized

its error only when it received correspondence from this Court indicating that it was in default. *Id.* at ¶ 5.

Copeland asserts that it has meritorious defenses to this action and claims that union representatives made misrepresentations regarding the collective bargaining agreement which deprived it of a reasonable opportunity to know of the character or essential terms of that agreement. *Id.* at ¶ 7. Copeland also asserts that it will be able to prove that its ignorance of the contents of the collective bargaining agreement was excusable, and that it never agreed to the collective bargaining agreement's terms, including terms relating to the fund contributions at issue in this action. *Id.*

Moreover, Copeland claims that after it agreed to a letter of assent, the union substituted a collective bargaining agreement that introduced terms, including obligations to make payments to the funds at issue, that were materially different from those set forth in the letter of assent to which Copeland agreed. *Id.* at ¶ 8. Copeland claims that it never executed a collective bargaining agreement, and that there was fraud involved in the execution of any collective bargaining agreement or other document, rendering those agreements void *ab initio*. *Id.* Finally, Copeland asserts that majority assent by Copeland's employees was a pre-condition to the collective bargaining agreement coming into force, and its employees did not consent to the union's representation. *Id.* at ¶ 9.

NEBF opposes Copeland's motion to set aside the entry of default, arguing that Copeland has not demonstrated excusable neglect for its failure to defend and has not raised a meritorious defense to NEBF's claims. ECF No. 10 at 3-6. NEBF argues that Copeland's mistaken belief that the summons with which it was served related to another action involving the same parties was unreasonable. *Id.* at 3. Further, NEBF argues that Copeland's purported

defenses are not viable. NEBF notes that defenses such as fraud in the inducement and lack of majority support for the collective bargaining agreement cannot be asserted by an employer against a multiemployer pension fund. *Id.* at 4-5.

Pursuant to Federal Rule of Civil Procedure 55(c), "the court may set aside an entry of default for good cause." Rule 55(c) must be liberally construed in order to provide relief from the onerous consequences of defaults, with "[a]ny doubts about whether relief should be granted . . . resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). "[R]elief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and tenders a meritorious defense." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Whether a party has acted with reasonable diligence "must be gauged in light of the facts and circumstances of each occasion . . . " *Id.* The moving party tenders a meritorious defense when it proffers evidence which would permit a finding for the defaulting party. *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988).

Copeland acted with reasonable promptness in moving to set aside the entry of default in this case. The Court entered default on January 13, 2011, and sent correspondence to Copeland's President, James Copeland, on January 20, 2011, advising him that if Copeland wished to dispute the amount of damages claimed, it was urged to file a response to Plaintiff's motion for default judgment on or before February 22, 2011. ECF No. 8. Copeland filed a Motion to Vacate Entry of Default and Opposition to Plaintiff's Motion for Default Judgment on February 22, 2011, only forty days after the entry of default. ECF No. 9. In other words, once Copeland became aware of its mistake with regards to the action in the Eastern District of Pennsylvania, it moved promptly

to set aside the entry of default in this case. The Court concludes that Copeland moved with reasonable diligence to set aside the entry of default.

Copeland has also proffered evidence of a meritorious defense to this action. ERISA Section 515 limits the defenses that an employer can raise in defense to a suit by a multiemployer pension fund in a suit seeking recovery of delinquent contributions. Section 515 provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

29 U.S.C. § 1145. As the Fourth Circuit has explained:

> Section 515 strengthens the position of multiemployer plans by holding employers and unions to the literal terms of their written commitments. Because an employer's obligation to a multiemployer fund is determined by the plain meaning of the language used in the collective bargaining agreement, the actual intent of the contracting parties (i.e., the employer and local union) is immaterial when the meaning of the language is clear. Consequently, an employer is not permitted to raise defenses that attempt to show that the union and employer agreed to terms different from those set forth in the agreement . . . Nevertheless, multiemployer funds are not permitted to enforce a nonexistent contractual obligation.

*Bakery & Confectionary Union and Industry International Pension Fund v. Ralph's Grocery Co.*, 118 F.3d 1018, 1021-22 (4th Cir. 1997) (internal quotations and citations omitted).

An employer may not defend against a suit by a pension fund by raising contractual defenses it may have against the union, such as that the collective bargaining agreement was the result of fraud in the inducement or mistake of fact. *Id.* at 1021; *see also Trustees of ALA-Lithographic Pension v. Crestwood*, 127 F. Supp. 2d 475, 479 (S.D.N.Y 2001) ("It is well-settled that traditional contract defenses are generally not available in suits brought to collect delinquent

4

contributions under ERISA.") There are only two defenses which are permitted in section 515 actions: "(1) that the pension contributions themselves are illegal, and (2) that the collective bargaining agreement is void (not merely voidable)." *Crestwood*, 127 F. Supp. 2d at 479-80. Where there is fraud in the execution of the collective bargaining agreement—in other words, "where there is a misrepresentation as to the character or essential terms of a proposed contract, and a party signs without knowing or having a reasonable opportunity to know of its character or essential terms"—the contract is void, not merely voidable. *Id.* at 480.

In a declaration submitted in support of Copeland's motion to vacate the entry of default, Copeland's owner, James Copeland, avers that union representatives made misrepresentations regarding the collective bargaining agreement which deprived him of a reasonable opportunity to know of the character or essential terms of that agreement. Decl. of James Copeland at ¶ 7. He asserts that Copeland's ignorance of the contents of the collective bargaining agreement was excusable, and that it never agreed to the collective bargaining agreements terms, including terms relating to the alleged fund contributions at issue in this action. *Id.* Moreover, Copeland alleges that after it agreed to a letter of assent, the union substituted a collective bargaining agreement that introduced terms, including obligations to make payments to the funds at issue, that were materially different from those set forth in the letter of assent to which Copeland agreed. *Id.* at ¶ 8. In sum, James Copeland claims that he was deprived of the opportunity to review the terms of the collective bargaining agreement as a result of fraud in the execution of that agreement. *Id.* at ¶ 7.

Mr. Copeland's declaration was sworn to under penalty of perjury pursuant to 28 U.S.C. § 1746. Because a void contract cannot be enforced, and Copeland has proffered evidence that the collective bargaining agreement was the product of fraud in the execution, it has presented

5

sufficient evidence of a meritorious defense to justify setting aside the entry of default. *Crestwood*, 127 F. Supp. 2d at 479-80.

Accordingly, Copeland's motion to set aside the entry of default will be granted, the entry of default will be set aside, and Copeland will be directed to file a responsive pleading within fourteen days. A separate order follows.


June 2, 2011                                    /s/
Date                                    Roger W. Titus
                                        United States District Judge